UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RUBIN BUTLER,<br><br>　　　　　Defendant. | Criminal No. 07-131-06 (JR) (AK) |

**DETENTION MEMORANDUM**

　　The Defendant, Rubin Butler, has been charged by indictment with conspiracy to distribute and possess with intent to distribute cocaine base, cocaine, and cannabis in violation of 21 U.S.C. § 846, maintaining a residence for the purpose of manufacturing, distributing, and using a controlled substance in violation of 21 U.S.C. §§ 856(a)(1) and 856(b), as well as unlawful use of a communication facility and aiding and abetting, in violation of 21 U.S.C. § 843(b) as well as 18 U.S.C. § 2.  The government requested a detention hearing, which was held on May 31, 2007.  At the conclusion of the hearing, the Court found that the Defendant should be held without bond.  This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

At the detention hearing, the government proceeded by proffer, explaining how for several years the authorities had been conducting an investigation of the Defendant's involvement in a conspiracy to sell illegal drugs along with several co-conspirators. The government alleged that the Defendant served as a street-level seller on behalf of upper level members of the drug conspiracy and maintained a residence for the purpose of manufacturing and distributing illegal drugs. During the course of the investigation, the Defendant engaged in a series of phone conversations with co-conspirators during which they discussed various quantities of crack cocaine, as well as money owed by the Defendant to co-conspirator James Becton. In May 2006, the FBI executed a search warrant at an apartment where the Defendant had been staying. The search of the apartment yielded a scale, Ziploc bags, and other drug paraphernalia containing cocaine residue.

**Discussion**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, a grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substances Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to assure his future presence in court or to reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)).

In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention for the Defendant. The Defendant is charged with, *inter alia*, conspiracy to distribute and possess with intent to distribute cocaine base, cocaine, and cannabis, a serious drug offense carrying a maximum prison sentence of ten years or more.

The second factor, the weight of the evidence, also favors detention for the Defendant. The government has substantial evidence linking the Defendant to the alleged offenses. The government has a series of recorded phone conversations during which the Defendant discusses drug business with fellow co-conspirators. The government also has drug paraphernalia

containing drug residue, obtained from a search of the Defendant's apartment.

The third factor, the history and characteristics of the Defendant, strongly favors detention. According to the Pretrial Services Report, the Defendant has pled guilty to a previous Bail Reform Act violation resulting from a March 2007 arrest. The Report also indicates that the Defendant has tested positive for drugs while on probation. These facts leave the Court with little confidence that the Defendant will comply with any conditions of release imposed upon him in this case.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. Although the instant charges did not involve violent activity, cocaine base is a dangerous and illegal substance that causes violence in the Washington, D.C. area.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. The presumption in favor of detention established by the statute has not been overcome by the Defendant in this case. Therefore, the government's motion for pretrial detention is granted.

Dated: June _5_, 2007                              _____/s/_____
                                                   ALAN KAY
                                                   UNITED STATES MAGISTRATE JUDGE