UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | Criminal No.  07-131 (JR) |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **JAMES BECTON, et al.,** | : | |
| **Defendants.** | : | |

### GOVERNMENT'S MOTION FOR EXCLUSION
### OF TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court to exclude 180 days from the calculation of time before which this matter must be brought to trial under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(8)(A).  As grounds for this motion, the Government states as follows:

I.  Factual Background

The indictment in this matter is the result of a long term investigation into the drug dealing activities of an organization operating in the Washington, D.C., metropolitan area.  The 16 defendants named in this 75-count indictment are charged with conspiracy to distribute and possess with intent to distribute narcotics, and are also charged with numerous substantive narcotics offenses.  Specifically, Count One charges that the conspiracy began on or before at least 1995 and continued up to and including May, 2007.  The other 74 counts in the indictment charge many of the defendants with various substantive offenses, including among others, unlawful distribution of cocaine base, unlawful possession with intent to distribute cocaine base, unlawful use of a communications facility, obstruction of justice and use, carrying and possession of a firearm in furtherance of a drug trafficking offense.

The grand jury investigation from which this indictment stems is continuing. We anticipate asking that a more extensive indictment be returned in the future. We expect to ask the grand jury to add additional counts to already charged defendants as the evidence seized from the execution of recent searches is analyzed. Additionally, there is a strong possibility that more individuals will be added to the indictment.

As of the filing of this motion, most of the defendants charged in the instant indictment have been arrested and brought before this Court. The defendants in custody were apprehended at different places and times, and they have been arraigned in several separate proceedings. Two of the remaining defendants are incarcerated at different penal institutions and are in the process of being writted in before the Court so that they may be presented on the instant charges. Four of the remaining defendants are still at large. Investigating agents have received information about the whereabouts of some of these remaining defendants, and they hope to apprehend them in the near future.[1]

The evidence supporting the indictment was developed and gathered through various

---

[1] We provide this information about the "at-large" defendants who have not yet been brought before this Court because their absence prevents the Speedy Trial period for all of the remaining defendants from commencing. 18 U.S.C. § 3161(h)(7) provides for the exclusion of a "reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion of severance has been granted." That provision has been interpreted by the Supreme Court to mean "all defendants who are joined for trial generally fall within the speedy trial computation of the latest co-defendant." Henderson v. United States, 476 U.S. 321, 323 n. 2 (1986); see also United States v. Calle, 120 F.3d 43, 46 (5th Cir. 1997) ("in a multi-defendant prosecution . . . the Speedy Trial clock begins to run when the last co-defendant makes his initial appearance in court"), cert. denied, 118 S. Ct. 1202 (1998); United States v. Dota, 33 F.3d 1179, 1183 (9th Cir. 1994) ("generally the clock begins to run when the last co-defendant appears in court"), cert. denied, 514 U.S. 1052 (1995); United States v. Davenport, 935 F.2d 1223, 1229-1230 (11th Cir. 1991) ("the speedy trial clock did not begin to run until August 31, 1998, because all of appellant's co-defendants had not been apprehended").

means. A significant amount of evidence was obtained pursuant to multiple court-authorized Title III wiretaps in which numerous telephone calls were intercepted and recorded. Phone calls were intercepted on seven different telephone lines over a period of approximately seven months. Those conversations took place primarily over cellular telephones. Agents intercepted and recorded approximately 49,847 telephone activations between various co-conspirators in this case. The intercepted conversations provide strong evidence of the co-conspirators' involvement in the frequent trafficking of both wholesale and retail quantities of cocaine and cocaine base in the Washington D.C., metropolitan area.

In addition to the wiretap evidence, the investigation involved controlled purchases from several co-conspirators. There were over 20 controlled purchases during the investigation. They were accomplished with the assistance of confidential informants as well as undercover police officers. Both audio and video surveillance techniques were utilized at various times to record these transactions. In addition, there are numerous incidents of law enforcement surveillance of various meetings and narcotics transactions between the co-conspirators.

On May 23, 2006, law enforcement officers executed multiple search warrants and as a result, seized several guns, quantities of narcotics, documents, and sums of money. In addition, several cars were seized by agents. Again on May 22, 2007, law enforcement officers executed another series of search warrants and recovered additional narcotics, weapons, currency and automobiles.

Given the voluminous nature of the evidence on which the indictment in this case is based, discovery in this matter will be necessarily protracted and time-consuming. Defense counsel have been provided with nine DVD discs containing all of the intercepted conversations.

The Government is also preparing copies of the documents which led to the Court's authorization of the Title III wiretaps and the documents related to the relevant controlled buys. The government intends to make available copies of video and audio surveillance associated with the various controlled purchases to the defendants involved in those sales to the extent they will not compromise the identity or safety of the individuals involved.

The United States also has begun the process of gathering and duplicating the search warrant paperwork, arrest reports, and accounts of controlled transactions. The preparation of the paperwork related to the search warrants alone could conceivably take weeks. In addition, agents have sent the drug evidence that was seized to the DEA to be analyzed. When these reports are completed they will be made available to defense counsel. Counsel's review of all of this discovery information is likely to provoke specific requests for additional information.

## II.    Argument

The large number of defendants, voluminous discovery material, and overall complexity of this case justifies a 180-day exclusion from the statutory period in which this case must be tried under the Speedy Trial Act. When all defendants are in custody and the speedy trial clock does begin to run, this Court should exclude a period of 180 days from the Speedy Trial calculation because of the complexity of this case. The large number of defendants and separately charged incidents as well as the nature of the evidence supporting the charges in the instant indictment make this case complex and justifies an exclusion of time under 18 U.S.C. § 3161(h)(8)(A).

Title 18, United States Code, Section 3161(h)(8)(A) allows the court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds "that the ends of justice served

by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the court shall consider when determining whether to exclude time pursuant to Section 3161(h)(8)(A).  Where the court finds that the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" the court may exclude such time as necessary to serve the ends of justice.  See 18 U.S.C. §§3161(h)(8)(A) and 3161(h)(8)(B)(ii).  The Court has broad discretion to grant an exclusion of time when, in its view, the case's complexity requires that counsel have additional time to prepare in order to ensure a fair trial.  See United States v. Rojas-Contreras, 474 U.S. 231, 236 (1985).

Applying the factors set forth in Section 3161(h)(8)(B), courts have routinely excluded reasonable periods of time in cases similar in scale and complexity to the instant case.  The presence of multiple defendants in a charged conspiracy case has been frequently cited as the basis for exclusion of time, particularly if the case involves a series of separate overt acts and numerous defendants.[2]  See United States v. Butz, 982 F.2d 1378, 1381 (9th Cir.), cert. denied, 510 U.S. 891 (1993) (upholding trial judge's exclusion of time under Section 3161 (h)(8)(A) because case charging 9-co-defendant conspiracy in a 29-count indictment was sufficiently "complex"), cert. denied, 510 U.S. 891 (1994); United States v. Ditommaso, 817 F.2d 201, 210 (2d Cir. 1987) ("we agree that this multi-defendant, international drug smuggling and money-laundering case was sufficiently complex to warrant excludable time"); United States v. Fogarty,

---

[2] Count One of the instant indictment encompasses 161 separate overt acts, covering conduct alleged to have occurred in the District of Columbia, Maryland, North Carolina and elsewhere.

692 F.2d 542, 546 (8th Cir. 1982) ("the complexity of the case, involving seven co-defendants and multiple overt acts occurring in seven states, outweighed the interests of the individual defendants" and justified exclusion of time under § 3161(h)(8)(A)), cert. denied, 460 U.S. 1040 (1983); United States v. Ambrosio, 898 F. Supp. 177, 192 (S.D.N.Y. 1995) (ends of justice exclusion justified by complexity of case, where indictment charged 17 defendants with large-scale drug conspiracy).

Courts also look to the nature of the evidence in an assertedly "complex" case in adjudicating requests to apply the "interest of justice" provision of the Speedy Trial Act. Findings of complexity and resulting exclusions of time have been based on the presence of a large amount of evidence gathered by means of court-authorized wiretaps. Production and review of wiretap evidence often takes a substantial amount of time, justifying the exclusion of such time from the Speedy Trial Act calculation. See United States v. Gambino, 59 F.3d 353, 358 (2d Cir. 1995) (trial court excluded time under § 3161(h)(8)(A) because case involved "hundreds of hours of video and audio tape recordings tracking the structure of the criminal activities of the Gambino organization"), cert. denied, 517 U.S. 1187 (1996); Butz, 982 F.2d at 1381 (exclusion of time justified in part because evidence of charged drug conspiracy was in form of "hundreds of hours" of conversations intercepted pursuant to a Title III wiretap); Ditommaso, 817 F.2d at 210 (case involving "hundreds of reels of [audio]tapes" found sufficiently complex to justify exclusion of time under § 3161 (h)(8)(A)). Courts have also recognized that the necessity of gathering and producing a large amount of documents increases the complexity of a case and can alternately justify exclusion of time under the Speedy Trial Act. See United States v. Beech Nut Nutrition Corporation, 871 F.2d 1181, 1197-1198 (2d Cir.) (case

in which government made available to defendants approximately 30,000 documents was "complex within the meaning of the Speedy Trial Act"), cert. denied, 493 U.S. 933 (1989).

The instant case is at least as "complex" as those described above in which courts have excluded time under Section 3161(h)(8)(A). This indictment charges 16 defendants in a 75-count indictment. Without more, the sheer number of defendants and separately charged incidents justifies the Court's exclusion of time from the Speedy Trial Act calculation. The number of individual defendants and separate counts will prompt the production of thousands of pages of documents to the defendants, material that will take time to gather, distribute, and to review. In addition, much of the evidence takes the form of almost 50,000 separate recorded activations intercepted pursuant to seven Title III wiretaps. All of that material will need to be reviewed by each defense attorney. That review will undoubtedly prompt motions to suppress, to sever, and to otherwise limit the quantum of evidence to be presented against these defendants. The sheer volume of evidence in this case makes it complex and, applying the plain language of the speedy trial statute and the above-cited authority, warrants an exclusion of time.

The 180-day exclusion requested in this motion will serve both the United States and the defendants and insure that this significant, complicated case is thoroughly prepared for trial. The government needs extra time to prepare a vast amount of material for trial presentation, taking steps such as preparing transcripts of the pertinent intercepted conversations. Moreover, the additional time will facilitate dispositions short of trial. In the experience of the undersigned, defendants in cases of this nature often express interest in entering guilty pleas and cooperating with the government. The process of debriefing defendants and negotiating dispositions of their cases is extremely time-consuming. Information provided by those individuals will likely lead to

additional charges against the remaining co-conspirators and others not yet arrested. The United States anticipates that the evolution of the debriefing process and the cooperation of those interested co-conspirators may significantly reduce the number of defendants who will ultimately remain when this case approaches readiness for trial.

    WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court enter an Order excluding from computation under the Speedy Trial Act a period of 180 days, commencing when the last of the remaining defendants is brought before this Court or a reasonable period of time to attempt to bring the remaining defendants before this Court.

    Respectfully submitted,

    JEFFREY A. TAYLOR, Bar No. 794610
    United States Attorney


    _____
    ARVIND K. LAL, Bar No. 489396
    MATTHEW P. COHEN, Bar No. 469629
    Assistant United States Attorneys
    555 4th Street, N.W., Room 4217
    Washington, DC 20530
    (202) 353-8833

## CERTIFICATE OF SERVICE

    I hereby certify that, on the 14th day of June, 2007, a copy of the foregoing Motion for Exclusion of Time Under the Speedy Trial Act was served by ECF on all defense counsel.

    _____
    Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Criminal No. 07-131 (JR)** |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **JAMES BECTON, et al.,** | : | |
| **Defendants.** | : | |

**ORDER**

Upon consideration of the government's motion to exclude time under the Speedy Trial Act, any opposition to the government's motion, and the entire record in this case, the Court hereby makes the following findings:

1. Additional time is necessary for the defense counsel to review the evidence, to determine the appropriate motions to be filed, if any, and to fully prepare the defense for trial. The Court finds further that, without such additional time, defense counsel would not be able to effectively represent their respective clients at trial.

2. Based on the quantity of evidence, the Court finds that this case is "complex" within the meaning of 18 U.S.C. § 3161 (h)(8)(B)(ii), and that it is unreasonable to expect adequate preparation for pretrial proceedings, and for the trial itself, within the time limits established by the Speedy Trial Act.

3. Regardless of whether this case is "complex," based upon the quantity of evidence, the Court finds that, pursuant to 18 U.S.C. § 3161 (h)(8)(B)(iv), the failure to provide additional time would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4. Based on the foregoing, the Court finds that the tolling of the Speedy Trial Act serves the ends of justice and outweighs the best interests of the public and the defendants in a speedy trial.

THEREFORE, it is this _____ day of _____, 2007, hereby

ORDERED that, in accordance with 18 U.S.C. §§ 3161 (h)(8)(A), (h)(8)(B)(ii), (h)(8)(B)(iv) and (h)(7), a period of 180 days shall be excluded from the computation of time within which to commence trial.  Such period will commence when the last of the 16 defendants charged in this case is brought before this Court for arraignment or after a reasonable period of time as provided by further Order of this Court.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT COURT