UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.  07-131 (JR) |
| : | |
| V. : | |
| : | |
| : | |
| JAMES BECTON and : | |
| CHRISTOPHER BECTON : | |
|     Defendants. : | |
| : | |

GOVERNMENT'S PROPOSED VOIR DIRE
QUESTIONS AND OBJECTIONS TO PROPOSED DEFENSE VOIR DIRE

The United States of America, by and through it attorney, the United States Attorney for the District of Columbia, respectfully submits the following Proposed Voir Dire Questions, and certain objections to defendant James Becton's proposed Voir Dire.

PROPOSED VOIR DIRE QUESTIONS

1. This is a criminal case.  The charges in this case are that on or before at least 1995, and continuing until May 2007, the defendants, James Becton, also known as "P," "Pumpkin," and "Funk," and Christopher Becton, also known as "Rock," conspired with each other and other persons not participating in this trial, to distribute and possess with intent to distribute powder cocaine, cocaine base (commonly referred to as crack cocaine), and marijuana.  The indictment alleges that in the conspiracy, James Becton was a leader and principal distributor of cocaine, cocaine base, and marijuana, and that Christopher Becton was a re-distributor of those drugs.  The indictment also alleges that the defendants and other co-conspirators unlawfully used communication facilities, that is, telephones, to facilitate the conspiracy.  Many of the alleged events that form the basis for the charges took place in the vicinity of the 4200 and 4300 blocks of Fourth Street, S.E., in Washington,

D.C. Specifically, many of the alleged events took place in two apartment building parking lots on Fourth Street, S.E., south of Chesapeake Street, S.E., that witnesses will refer to as the "first court" and the "second court," as well as a parking lot on the opposite side of Fourth Street, S.E., that witnesses will refer to as "the pit" or "the hole." Does any member of the panel know anything about the facts and circumstances of this case?

    2.    Does any member of the panel know the defendants, James Becton and Christopher Becton?

    3.    As I mentioned, the United States alleges that the many of the events set forth in the indictment occurred in the 4200 and 4300 blocks of Fourth Street, S.E., here in the District of Columbia. During the course of the trial, there may also be testimony about events that are alleged to have occurred at the following locations or areas:

    4300 block of Halley Terrace, S.E.

    4600 block of Livingston Road, S.E.

    2800 block of Robinson Place, S.E.

    1700 block of L Street, N.W.

    1930 Addison Road S., District Heights, MD

    6323 Landover Road, Cheverly, MD

    5231 Haras Place, Fort Washington, MD

    1400 block of Southern Ave, Oxon Hill, MD

Do any members of the jury panel live near, work near, or have anything other than a general familiarity with any of these locations?

    4.    The Assistant United States Attorneys assigned to prosecute this case are Matthew Cohen and Arvind Lal. Do any of you know Mr. Cohen or Mr. Lal?

2

5. The attorney representing Mr. James Becton is Edward Sussman. Do any of you know Mr. Sussman? The attorney representing Mr. Christopher Becton is James Rudasill. Do any of you know Mr. Rudasill?

6. The government will call a number of witnesses to testify during the trial. The defense may also, but is not required to, call witnesses. A separate page containing a list of names of government witnesses, or names that may be mentioned during the testimony presented by the government, has been passed out to each of you. At this time, I will ask one of the Assistant U.S. Attorneys to read the government's list. The defense will do the same **[if it wishes.]** Not all of these persons will necessarily testify, but they are being introduced to determine whether any of you know any of the prospective witnesses or participants in this case. Do any members of the panel know any of the people just announced?

> (All available witnesses will be brought into the courtroom for introduction. Those witnesses not present will be introduced by name.)

7. Do any of you know anyone else in the courtroom, including me, the courtroom clerk, the court reporter, or the Marshals?

8. The defendants are presumed innocent unless and until the government proves their guilt beyond a reasonable doubt. Is there anyone who cannot accept this and presume that this defendant is innocent? This presumption of innocence can only be overcome if the government proves the defendant's guilt beyond a reasonable doubt. Is there anyone who cannot accept this standard?

9. Is any member of the panel or any close friend or relative currently employed -- or has been previously employed or has applied for employment -- as a law enforcement officer? A law enforcement officer would be someone who works for the Metropolitan Police Department, the

Capitol Police, the Park Police, the Secret Service, the FBI, the Drug Enforcement Administration, the United States Attorney's Office, a state or local prosecutor's office, and other law enforcement agencies.

10. Is any member of the panel or any close friend or relative currently employed -- or has been previously employed or has applied for employment -- by a probation or parole office, the D.C. Department of Corrections, or a jail, prison, or other type of penal institution?

11. Is any member of the panel or any close friend or relative currently associated -- or has been previously associated -- with a community group involved with law enforcement matters? By this, I mean groups such as Neighborhood Watch, Crime Stoppers, Orange Hats, or any other organization.

12. Is any member of the panel or any close friend or relative currently employed or associated – or has been previously employed or associated – with a group or organization that treats persons addicted to drugs or alcohol?

13. Does any member of the panel have strong feelings about the Government's use of electronic surveillance such as court-authorized telephone "wiretaps" to record the conversations of people alleged to be involved in illegal drug distribution in the District of Columbia?

14. During the course of the trial, you will hear testimony from witnesses who allegedly participated in some of the crimes charged in this indictment and who are testifying in accordance with written plea agreements with the government. Such witnesses are often referred to as "cooperating witnesses." Their agreements generally provide that they will plead guilty to crimes they have committed and, in exchange, the government will bring the nature and extent of their assistance to the attention of the judge at the time they are sentenced. Is there anyone who would find it difficult to credit or believe the testimony of a cooperating witness *solely because* that person

is testifying pursuant to a cooperation agreement? Is there any other reason you feel you can not fairly judge the testimony of a cooperating witness?

15. Some of the evidence in this case may be in the form of items seized during court-authorized search warrants. Do you have any strong personal feelings or opinions about this investigative techniques?

16. Would any member of the panel tend to believe or disbelieve the testimony of a law enforcement officer simply because he or she is a law enforcement officer? Would any member of the panel tend to give more or less weight to the testimony of a law enforcement officer than given to testimony by other witnesses?

17. Does any member of the panel believe that law enforcement officials are not trustworthy or that they tend to fabricate information or evidence?

18. Have any of you, any members of your family, or any close friends, had an experience with the police, or with any person associated with or employed by the United States Attorney's office or the Court, which would make it difficult for you to be a fair or impartial juror in this case? (answers at the bench)

19. Has any member of the panel or a close friend or relative studied law or had any legal training, including paralegal training?

    a. In what areas of law has that training or practice been?

    b. Have you discussed with your friends or relatives who have had legal training the nature of their work or cases they have handled?

    c. If you have handled or studied legal matters or discussed legal matters with friends or relatives who practice or study law, would that affect your ability to follow the Court's instructions as to the law to be applied to this case or your ability

to be fair and impartial in this case?

20. Is any member of the panel or a close friend or relative presently employed or has such person ever been employed, or sought employment, by a defense attorney, defense law firm, or public defender service? In what capacity?

21. Do any of you, your close friends or relatives presently have pending an application for employment with the United States Attorney's Office, the public defender service, or a defense attorney?

22. Does any member of the panel watch TV programs that show police or law enforcement activities, such as "CSI", "Law & Order," "Cops," or programs on Court TV? If you watch such programs, has your exposure to them led you to form an opinion about the nature and sort of evidence that you would expect to hear if selected to sit as a juror in a criminal trial?

23. Has any member of the jury panel ever served on a Grand Jury? If the answer is yes, do you understand that the burden of proof before the Grand Jury is one of probable cause, while at trial the Government must prove the essential elements of the case against the defendant beyond a reasonable doubt?

24. Has any member of the panel ever served as a juror in a criminal case in a Federal court, a District of Columbia court, or in a court located in some other state?

25. Has any member of the jury panel, or any family member or a close friend, ever been a witness to, a victim of, or charged with or arrested for, a crime? (Answers to be taken at the bench).

26. This case involves allegations of conspiracy to distribute and possess with intent to distribute narcotics, specifically cocaine, crack cocaine, and marijuana. Does anyone have such strong feelings about drugs that the nature of the charges make it difficult for you to be fair and judge

this case on the evidence presented in court?

27. Does any member of the panel disagree with the prosecution of drug offenses? For example, does any member of the panel believe that the possession of drugs should be legalized? Or does any member believe that either too much or too little effort is spent on the prosecution of drug offenses or that the penalties assigned to those offenses are either too severe or too lenient?

28. This case will also involve allegations of firearms possession and use. Does anyone have such strong feelings about firearms and the use of firearms that testimony and evidence concerning such matters will make it difficult for you to be fair and judge this case on the evidence presented in court?

29. This trial is expected to least approximately two to three weeks. The length of deliberations is determined by the jury itself. Is there any member of the jury panel who has an urgent or extremely important matter to attend to in the next few days such that he or she could be faced with a hardship if selected for the jury in this case?

30. Is there any member of the jury panel who has any moral, religious or philosophical beliefs that would make it difficult to render a judgment in this case based solely upon the evidence presented during the trial? (Answers to be taken at the bench).

31. Does any member of the panel know any other member of the panel? Would that affect your ability to decide the case for yourself based on your individual judgment?

32. The Court will instruct you on the law that governs this case. Is there anyone who for any reason would not be able to accept and follow the Court's instructions regarding the law?

34. Does any member of the panel have any sight or hearing problems? Do any of you suffer from an illness or any other medical condition that would make it difficult for you to sit as a juror? Are any of you presently taking medication which would cause drowsiness, confusion or

7

discomfort? (Answers to be taken at the bench).

35. Has any member of the panel ever received treatment or counseling for any type of mental or psychiatric condition, or for alcoholism or drug abuse? (Answers to be taken at the bench).

36. Do any of you know of any reason why you cannot sit as a juror in this case and render a fair and impartial verdict based upon the evidence and the law as you shall hear it? (Answers to be taken at the bench).

## OBJECTIONS TO PROPOSED DEFENSE VOIR DIRE

Defendant James Becton previously filed proposed voir dire with the court (Document 206). The Government has no objection to several of the defendants proposed questions. The Government does however object to most of the proposed questions either because the Government respectfully suggests that its formulation of the question is worded better or because the Government believes that a particular question is inappropriate.

Proceeding chronologically through the defendant's proposed voir dire, the Government does not object to the first sentence of the defendant's proposed preliminary statement and has incorporated it into its own submission. The second sentence is incorrect however in that it limits the question to one location. The evidence in this case will make reference to multiple locations. The Government submits that its proposed question 3 that lists the multiple addresses is a better way to pose the question.

There are a series of questions proposed by defendant James Becton that the Government does not object to in principle, but believes that the formulation proposed above is more appropriate. The following chart cross references the defendant's proposal and the Government's proposal:

| Def. | Gov. |
|---|---|
| 1 | 1, 2 |
| 2 | 3 |
| 3 | 9, 20, 21 |
| 5 | 9 |
| 6 | 9 |
| 7 | 20, 21 |

| | |
|---|---|
| 8 | 10 |
| 11 | 12 |
| 14 | 26, 27 |
| 16 | 28 |
| 17 | 23, 24 |
| 19 | 31 |
| 20 | 25 |

| | |
|---|---|
| 21 | 8 |
| 22 | 16 |
| 23 | 6 |
| 24 | 29 |
| 26 | 36 |

The Government does not object to Questions 4, 9, 10 and 13 proposed by the defendant. These questions have been incorporated into the Government's submission above.

The Government objects to questions 12, 15, 18 and 25 proposed by the defendant. Question 12 asks potential jurors if they live in a neighborhood where the sale of drugs has caused "serious problems." The Government submits that this question employs too subjective a standard for screening jurors, and the information it seeks will be obtained by the *Ridley* question (#25). Question 15 asks if potential jurors have been the victims of violent crimes involving weapons. The Government submits that this question is an inappropriate variation on the standard *Ridley* question used in our jurisdiction and which is proposed as Government question 25. Question 18 asks whether a potential juror's prior experience as a grand juror or petit juror would make service in this case more difficult. The Government submits that this question is better posed as a follow up question at the bench rather than as a question posed to the entire venire. Finally, Question 25 asks if a defendant would suffer any financial harm in the case. The Government does that believe that

it is appropriate to give jurors this as an option to be excused. In the experience of the undersigned, jurors who operate sole proprietorships and can not take time to sit on a jury when they are told the anticipated length of the case will so advise the Court in response to the preceding question. As such, this question is unnecessary.

                Respectfully submitted,

                JEFFREY A. TAYLOR
                United States Attorney


                _____/s/_____
                ARVIND K. LAL
                MATTHEW P. COHEN
                Assistant United States Attorney
                555 Fourth Street, NW, Room 4217
                Washington, D.C. 20530
                202-353-8833 (Lal)
                202-514-7427 (Cohen)
                Arvind.Lal@USDOJ.gov
                Matthew.Cohen2@USDOJ.gov