UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-131 (JR) |
| v. : | |
| : | |
| : | |
| JAMES BECTON and : | |
| CHRISTOPHER BECTON, : | |
| Defendants. : | |

**GOVERNMENT'S *IN LIMINE* MOTION REGARDING RULE 609 ADMISSIBILITY**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its *In Limine* Motion Regarding Rule 609 Admissibility. In support thereof, the United States submits the following points and authorities and any other such evidence or argument as may be adduced at a hearing on the Motion.

In the event that either of the defendants testify at trial, the Government should be permitted to impeach each of them with their prior convictions. Federal Rule of Evidence 609(a) allows for the introduction of felony convictions to attack the credibility of a defendant in a criminal case, subject to a balancing of probative value and prejudicial effect of evidence. The rule specifically provides that any conviction of a crime for which the punishment exceeds one year "shall be admitted if the [trial] court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1).

The government is aware of the following relevant convictions for the remaining defendants in this case. James Becton has three convictions with which he may be impeached: 1) 1992, Possession with Intent to Distribute Cocaine, F-3582-92; 2) 1996, Carrying a Pistol Without a License, F-973-95 (defendant James Becton released from confinement in 1999); and

3) 2004, Bail Reform Act, F-3557-03.  Christopher Becton has one conviction with which he may be impeached:  1994, Carrying a Pistol Without a License, F-9776–94 (defendant Christopher Becton released from confinement in September 2002 after being incarcerated for a parole violation).

    A.  <u>Crimes Punishable by More Than One Year's Imprisonment</u>

"[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect.  Fed. R. Evid. 609(a)(1).  Each of the convictions that are listed above are admissible pursuant to Rule 609(a)(1) as crimes that are punishable by more than one year's imprisonment.  This Court should permit the use of each of these convictions to impeach the respective defendants because their probative value outweighs any prejudicial effect.  <u>United States v. Lipscomb</u>, 702 F.2d 1049, 1068 (D.C. Cir. 1983).  In <u>Lipscomb</u>, the Court of Appeals held that "all felony convictions are probative of credibility to some degree." <u>Id.</u> at 1062. [1]

The very specific limits of Rule 609 suggest a broad standard of admissibility of convictions that do not run afoul of those limits.  Congress carefully limited the use of prior convictions to those involving only felony offenses and misdemeanors involving moral turpitude, all of which occurred within 10 years of the trial in which the admissibility of those prior convictions is sought.  The 10 year time period runs from "the date of conviction or of the release of the witness from the confinement imposed from that conviction, whichever is the later date."

---

[1]    Our Court of Appeals has held that "the district court has discretion to determine when to inquire into the facts and circumstances underlying a prior conviction and how extensive an inquiry to conduct" when balancing under Rule 609.  <u>Lipscomb</u>, 702 F.2d at 1068; <u>see also</u> <u>United States v. Brown</u>, 603 F.2d 1022, 1028 (1st Cir. 1979) (requirements of Rule 609(b) balancing met "even though specific facts and circumstances were not itemized for the record").

Fed. R. Evid. 609(b).  The implication of those strict limits is that convictions for which the potential prison sentence is greater than one year and that occurred within 10 years of a conviction or a release date, do bear upon credibility and are admissible for impeachment purposes.  The exclusion of dated convictions and those misdemeanor convictions that do not involve moral turpitude consequently supports the admissibility of recent convictions that fall within the confines of the rule.

  Under this rule, the Government should be permitted to confront James Becton with his 1996 conviction for Carrying a Pistol Without a License and his 2004 conviction for a violation of the Bail Reform Act because, within the last 10 years, he was released from incarceration for the former charge and convicted of the latter charge.  For the same reason, the Government should be permitted to confront Christopher Becton with his 1994 Carrying a Pistol Without a License conviction because he was released from his incarceration for that conviction in 2002 after having been incarcerated for violating his parole for that conviction.

  The defendants' prior convictions bear directly upon their credibility.  The effect of prior convictions upon a juror's evaluation of witness testimony is well documented.  The serious nature of a defendant's prior offenses may be considered by the jury as indicative of his lack of veracity.  Convictions of weapons and narcotics offenses are probative of a defendant's respect for the law and are directly relevant to an examination of his credibility. Courts routinely admit evidence of such prior convictions, even when weapons and narcotics offenses are the subject of the case in which the prior convictions are admitted.  See e.g. United States v. Smith, 49 F.3d 475, 478 (8th Cir. 1995) (evidence of defendant's prior gun conviction properly used to impeach his credibility in case charging defendant with being a felon in possession of a firearm) and

United States v. Burch, 156 F.3d 1315, 1323-1324 (D.C. Cir. 1998).

Two factors significantly lessen the prejudicial effect of admission of evidence of the defendants' prior criminal records. First, the jury will already have heard that both defendants possessed guns and/or were involved in narcotics trafficking and/or acts of violence by the time either of the defendants takes the stand. Although the jury may not hear that the defendants were convicted of such acts, the introduction of the role of each of the defendants in the alleged conspiracy in the government's case-in-chief will diminish any prejudice resulting from impeaching defendants with these convictions. Second, the jury will, of course, be instructed as to the limited use to which it can put evidence of a prior conviction. This Court, accordingly, should allow the use of such prior convictions to impeach the defendants.

B. Convictions More than Ten Years Old.

Rule 609 proscribes impeachment by a conviction that is more than ten years old, "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). Among the factors courts consider, when balancing the probative value of a conviction that is more than ten years old against it prejudicial effect, are the following: (1) conviction's probative value regarding veracity; (2) the prominence of defendant's credibility in the case; (3) the cumulative nature of the impeachment; and (4) the dissimilarity of the conviction and the charged offense. See generally United States v. Pritchard, 973 F.2d 905, 908-09 n.7 (11th Cir. 19 92) (collecting cases) (impeachment with thirteen year old burglary); Brown, 603 F.2d at 1027-28 (impeachment with fifteen-plus year old burglary); United States v. Gilbert, 668 F.2d 94, 97 (2nd Cir. 1981), *cert. denied*, 456 U.S. 946 (1982) (impeachment with mail fraud

conviction older than ten years); United States v. Brown, 956 F.2d 782, 787 (8th Cir. 1992) (impeachment with twenty-three year old burglary); United States v. Jefferson, 925 F.2d 1242, 1256 (10th Cir.), *cert. denied*, 502 U.S. 884 (1991) (impeachment with robbery older than ten years).

  Here, each of these factors militates in favor of the admission of defendant James Becton's 1992 Possession with Intent to Distribute Cocaine conviction. First, as discussed above, convictions for drug offenses reflect a disrespect for the law and are highly probative of credibility. Second, if James Becton testifies, his credibility will be of paramount importance. A large part of the evidence against these defendants will be elicited from cooperating witnesses, who have criminal records themselves. Under these circumstances, it would be unfair to give the jury the impression that these defendants, unlike their accusers, have a clean record. See, e.g., Pritchard, 973 F.2d at 909 (impeachment with thirteen year old burglary where government relied on "a convicted felon who had pleaded guilty to the robbery and was cooperating with the government"); Brown, 956 F.2d at 787 (allowing impeachment with conviction more than ten years old where "the jury essentially had to choose between one version of events presented by the government's witnesses and another version presented by the defendant's"). Third, since defendant James Becton does not have any other drug related convictions, allowing the Government to use this conviction to impeach him will not be cumulative. See, e.g., Prichard, 973 F.2d at 909 (allowing impeachment with thirteen year old burglary conviction where defendant "had no convictions within the ten years before trial; the burglary conviction was not merely cumulative of other impeachment evidence"). Last, although these defendants are charged with narcotics trafficking offenses and the 1992 conviction is for a narcotics offense, the

5

probative value of the conviction is not outweighed by any prejudicial effect.  See, e.g., Lewis, 626 F.2d at 950-51 (allowing defendant in narcotics prosecution to be impeached with a prior narcotics conviction and that such a prior conviction may even be more probative).   In sum, as the Court of Appeals noted in Lewis, "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue."  Id. at 950.  Accordingly, should James Becton testify, the Government should be allowed to impeach them with the 1992 conviction.

WHEREFORE, the Government respectfully requests that the Court permit the Government to impeach the defendants with their convictions should they testify.

                Respectfully submitted,

                JEFFREY A. TAYLOR, Bar No. 794610
                United States Attorney


                _____/s/_____
                ARVIND K. LAL, Bar No. 489396
                MATTHEW P. COHEN, Bar No. 469629
                Assistant United States Attorneys
                555 4th Street, N.W., Room 4217
                Washington, DC 20530
                (202) 353-8833 (Lal)
                (202) 514-7427 (Cohen)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-131 (JR) |
| v. : | |
| : | |
| : | |
| JAMES BECTON, : | |
| CHRISTOPHER BECTON, : | |
| Defendants. : | |

**O R D E R**

Having reviewed the Government's *In Limine* Motion Regarding Rule 609 Admissibility to impeach defendants with certain convictions, any Opposition thereto, and such evidence as has been presented at a hearing on the motions, it is this,

_____ day of _____, 2008, hereby

**ORDERED** that, the Government's Motion is GRANTED.

_____
JAMES ROBERTSON
United States District Court Judge for the District of Columbia